IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| JENNIFER BULMER, | * |
| Appellant, | * |
| v. | * CIVIL NO.: WDQ-13-1578 |
| DONALD STEWART BULMER, et al. | * |
| Appellees. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Jennifer Bulmer, through counsel, appealed the decision of the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court"), denying confirmation of her proposed Chapter 13 plan with leave to amend. ECF No. 1 at 1. Pending are the Bankruptcy Trustee's motion to dismiss the appeal, ECF No. 2, and Bulmer's motion for an extension of time to file her brief, ECF No. 5. No hearing is necessary. Local Rule 105.6 (D. Md. 2012). For the following reasons, the Trustee's motion to dismiss will be denied, and Bulmer's motion for an extension of time will be granted.

I. Background[1]

On November 20, 2012, Bulmer filed a voluntary petition for bankruptcy and a proposed Chapter 13 plan. ECF No. 4-10 at 12. On March 24, 2013 Bulmer filed an amended Chapter 13 plan. ECF No. 4 at 1. Ellen W. Cosby, the Chapter 13 Bankruptcy Trustee (the "Trustee"), and Donald Stewart Bulmer, Bulmer's ex-husband, objected to the amended plan. ECF Nos. 4-1 at 1, 12-17 at 5. On March 27, 2013, the Bankruptcy Court held a hearing on the objections. ECF No. 4-2 at 1. Bulmer was represented by counsel at the hearing. *Id.* The Bankruptcy Court denied confirmation of the plan but gave Bulmer leave to amend by May 10, 2013. *Id.*; ECF No. 4-5.

On April 8, 2013, Bulmer filed a motion to reconsider. ECF No. 4-6. On May 4, 2013, the Bankruptcy Court denied Bulmer's motion to reconsider. ECF No. 4-10. On May 13, 2013, Bulmer filed a timely[2] notice of appeal of the Bankruptcy Court's denial

---

[1] The facts are taken from the Notice of Appeal and accompanying exhibits, ECF No. 1, Bulmer's designation of the record and statement of issues, ECF No. 4, the parties' motions and oppositions, ECF Nos. 2, 5-8, and the Trustee's designation of additional items to be included in the record, ECF No. 12.

[2] Bankruptcy Rule of Procedure 8002(a) provides that "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." The Bankruptcy Court denied Bulmer's motion to reconsider on May 2, 2013. ECF No. 1-2. The notice of appeal was filed on May 13, 2013, and was thus timely. ECF No. 1.

2

of her motion to reconsider its denial of confirmation of her Chapter 13 plan. ECF No. 1.

On June 10, 2013, Cosby moved to dismiss Bulmer's appeal, because: (1) Bulmer failed to comply with Bankruptcy Rule of Procedure 8006;[3] and (2) the Bankruptcy Court's judgment was not a final order and thus not appealable.[4] ECF No. 2 at 1-2. On June 18, 2013, following the Court's order to show cause why Bulmer's appeal should not be dismissed for failure to comply with Rule 8006, Bulmer filed a designation of the record and a statement of issues to be presented on appeal. ECF No. 4. On June 26, 2013, her counsel moved for an extension of time to file her brief. ECF No. 5. On June 26, 2013, the Trustee

---

[3] Rule 8006 requires that:

> [w]ithin 14 days after filing the notice of appeal . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. . . . The record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court.

Fed. R. Bankr. P. 8006

[4] This Court has jurisdiction over Bulmer's appeal under 28 U.S.C. § 158(a) (2010), which grants district courts appellate jurisdiction over "final judgments, orders, and decrees" of bankruptcy courts. *See In re Hebb*, 53 B.R. 1003, 1004 (D. Md. 1985). An order denying confirmation of a proposed Chapter 13 plan is a final order. *Mort Ranta v. Gorman*, 721 F.3d 241, 248 (4th Cir. 2013).

3

opposed Bulmer's motion for an extension. ECF No. 5. On June 27, 2013, Bulmer's counsel answered the Court's order to show cause,[5] ECF No. 7, and opposed the Trustee's motion to dismiss, ECF No. 8.

On July 12, 2013, Bulmer, through counsel, filed an amended notice to appeal the orders of the Bankruptcy Court granting the Trustee's motion to convert Bulmer's bankruptcy filing from Chapter 13 to Chapter 7 and denying Bulmer's motion for a stay pending appeal. ECF No. 10 at 1. Bulmer has not filed a designation of the record or a statement of issues for these appeals, as required by Rule 8006.

II. Analysis

A. Motion to Dismiss

The Trustee asserts that Bulmer's appeal should be dismissed for failure to comply with Rule 8006. ECF No. 2 at 1-2. Bulmer does not offer an excuse for her failure to timely comply but alleges that she has now "filed the required information pursuant to Bankruptcy Rule 6008." ECF No. 8.

This Court has discretion under Rule 8001(a)[6] to dismiss an appeal of a final order of a bankruptcy court, if the appellant

---

[5] Bulmer asserted that the "underlying issue" to the order was resolved, because her counsel had filed the information required by Rule 8006 after the order was issued. ECF No. 7 at 1.

[6] Rule 8001(a) provides that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not

4

fails to comply with the bankruptcy rule procedures, including Rule 8006. *See In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995); *Andresen v. Rosen*, CIV.PJM05-3164, 2006 WL 4550187, at *2 (D. Md. Sept. 26, 2006). In exercising its Rule 8001(a) discretion, the Court must take one of four steps:

> (1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives.

*In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992); *SPR Corp.*, 45 F.3d at 74. In applying the *Serra* test, the Court must "consider and balance all relevant factors," and "bear in mind that, although dismissal is an option, less drastic alternatives must be considered," because dismissal for failure to comply with Rule 8006 "is a harsh sanction." *See SPR Corp.*, 45 F.3d at 73-74.

After receiving the Trustee's motion to dismiss, the Court gave Bulmer "notice and an opportunity to explain the delay" in complying with Rule 8006, see *Serra*, 970 F.2d at 1311,[7] through

---

affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr. P. 8001(a).

[7] *See also* Local Rule 404.2 (D. Md. 2012) (The court must give a bankruptcy appellant "an opportunity to explain" before dismissing an appeal for failure to comply with Rule 8006.).

an order to show cause, see ECF No. 3. The Court credits Bulmer's timely reply to this order. Bulmer filed a designation of the record and statement of issues and a motion for extension of time to file her brief within 14 days of the order to show cause.[8] See ECF Nos. 3-5. Although timely compliance with Rule 8006 is preferable, dismissal is too harsh a sanction when Bulmer timely responded to the Court's order.[9] Thus, the Trustee's motion to dismiss will be denied.

However, neither party has filed a transcript of the March 27, 2013 hearing during which the Bankruptcy Court made factual findings that underlie its denial of Bulmer's plan confirmation. See ECF Nos. 2 at 1, 4. Because Bulmer appeals factual findings made by the Bankruptcy Court based on testimony and evidence at a hearing, see ECF Nos. 1, 4-6 at 1-2, this Court cannot determine the merits of Bulmer's appeal without the hearing transcript. See Rule 8006 ("The record on appeal shall include

---

[8] Cf. Andresen, 2006 WL 4550187, at *3 (dismissing appeal under Rule 8001(a), in part, because appellant failed to "request[] a reasonable extension of time to file his brief"); Slavinsky v. Educ. Credit Mgmt. Corp., 362 B.R. 677, 679 (D. Md. 2007) (dismissing appeal, in part, because appellant "did not file a tardy designation of record nor did she move for an extension of the 10-day time limit so that she could designate the record").

[9] See In re SPR Corp., 45 F.3d 70, 73 (4th Cir. 1995) ("[T]he sanction of dismissal for failure to comply with a non-jurisdictional, procedural guideline, such as Rule 8006, [is] a harsh sanction which a district court must not impose lightly.") (internal quotation marks omitted).

6

. . . any opinion, findings of fact, and conclusions of law of the court."); *Davis v. Burke*, CIV.A. AW-04-2015, 2005 WL 4014096, at *3 (D. Md. Apr. 4, 2005) *aff'd sub nom. In re Davis*, 144 F. App'x 360 (4th Cir. 2005) (reviewing factual findings of bankruptcy court without a transcript would prejudice the appellees). Under Rule 8006, both parties bear responsibility for properly designating the record.[10] However, because Bulmer's designation of the record was tardy, and she is seeking affirmative relief from this Court, the Court finds it appropriate to place on her the responsibility for docketing all hearing transcripts necessary to properly determine the merits of her appeal.[11] Accordingly, Bulmer will be given 14 days from the date of the order accompanying this memorandum opinion to file a brief and perfect the record.

---

[10] "Within 14 days after the service of the appellant's statement the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal . . . . All parties shall take any other action necessary to enable the clerk to assemble and transmit the record." Fed. R. Bankr. P. 8006.

[11] *See Serra*, 970 F.2d at 1311 (district court has discretion to consider "available alternatives" short of dismissal to address parties' procedural errors); *Hannigan v. Countrywide Home Loans, Inc.*, CIV. 1:06CV139, 2006 WL 3065583, at *2 (W.D.N.C. Oct. 27, 2006) ("The failure of an appellant to secure a transcript is particularly detrimental to the life of an appeal when the trial court only makes oral findings of fact.").

B. Amended Appeal

On July 12, 2013, Bulmer filed an amended appeal of two decisions of the Bankruptcy Court but has not filed a designation of the record or statement of issues as required by Rule 8006. See ECF No. 10. She also has not filed a brief as required by Rule 8009[12] apparently because her motion for an extension of time applies to her original and amended appeals. See ECF No. 5 at 1. The Court will grant Bulmer's motion for an extension of time of 14 days from the date of the order accompanying this opinion to file a brief in her original and amended appeals.

District of Maryland Local Rule 404.2 (2012) provides that: "the Court may, upon motion of the appellee . . . or upon its own initiative, dismiss the appeal for non-compliance with Bankruptcy Rule 8006 after giving the appellant an opportunity to explain the non-compliance and upon considering whether the non-compliance had prejudicial effect on other parties." Accordingly, although no appellee has moved to dismiss the amended appeal, the Court will *sua sponte* order Bulmer to show cause why her amended appeal should not be dismissed for failure to comply with Rule 8006.

---

[12] Rule 8009 provides that "[the] appellant shall serve and file a brief within 14 days after entry of the appeal on the docket . . . ." Fed. R. Bankr. P. 8009

III. Conclusion

For the reasons stated above, the appellee's motion to dismiss the appeal will be DENIED, and the appellant's motion for an extension of time to file a brief will be GRANTED. The Court will order the appellant to show cause why her amended appeal should not be dismissed.

__10/9/13__  
Date

__/s/ William D. Quarles, Jr.__  
William D. Quarles, Jr.  
United States District Judge